O’NIELL, C. J.
This is an appeal from a judgment annulling a tax assessment for the year 1921 on the net average cx-edits of the plaintiff, amounting to $46,489.09. The defendants, appellants, are the board of assessors for the parish of Orleans, the Louisiana Tax Commission, the state tax collector for the city of New Orleans, and the city itself.
The plaintiff is a Missouri corporation, domiciled in Kansas City, but having an office in the city of New Orleans, where it conducts its business, as it does in other cities. The character of the business is very much like that of a trade union, or an association of commerce. The capital stock of the company is only $2,000, which is invested in office furniture and equipment. The stockholders are manufacturers of pine lumber. They x’eeeive no dividends or direct profits from the corporation, and they expect none. The income of the corporation is derived solely from dues paid in by the members, in consideration for services rendered to them by the corporation, by furnishing them information regarding methods and cost of the manufacture and sale of pine lumber, etc. The membership dues are graded in proportion to the quantity of lumber manufactured by each member. The income of the corporation is devoted entirely to the expense of carrying on its operations, and the dues charged the members are adjusted so as to avoid the accumulation of a surplus of receipts over expenses.
The net value of the credits due to the plaintiff, $46,4S9.09, was arrived at in this way: The average book value of the bills and accounts receivable amounted to $71,-574.91, and the average book value of the bills and accounts payable amounted to $25,-085.82, leaving the net balance of bills and accounts receivable, $46,489.09. The credits of $71,574.91 are the dues owing to the corporation by its members for services rendered as aforesaid. Of that amount, the sum of $14,314.98 only is for business done — if it should be called business — in this state. The balance, $57,259.93, is for business done — in the same sense — in other states. The $14,- *1088 314.98 of credits resulting from the so-called business done in Louisiana is more than offset by the corporation’s bills payable to creditors in Louisiana. Therefore, if the authority to assess for taxes the net credits of a foreign corporation is restricted to'the credits arising from business done in the state, the plaintiff in this case has nothing to be assessed.
Counsel for plaintiff contends, primarily, that the so-called business of the corporation is such that its credits are not subject to taxation, regardless of its being a foreign corporation whose only net credits arose from business done outside of the state. Counsel contends, secondly, that the statute under which this assessment is made — Act 15 of the Extra Session of 1917, being the only statute authorizing an assessment of the credits of a foreign corporation — does not authorize an assessment of the credits of a foreign corporation arising from business done outside of the state. .
There is some doubt about the first proposition advanced by plaintiff’s counsel, because'’the tax for which these credits have been assessed is an ad,valorem tax; and it may be that the character of the business from which the credits arose would not be important if the law allowed an assessment of credits due to a foreign corporation for business done outside of the state. But the statute does not authorize the taxing of credits due to a foreign corporation from business done outside of the state. Therefore, for the purpose of this decision, we shall ignore the character of the plaintiff’s business generally, and decide the case on the supposition that, if the net .credits of $46,-489.09 had originated from business done in this state, the credits would be subject to taxation.
The Act 15 of the Extra Session of 1917, which subjects to taxation the credits due to a foreign corporation doing business in this state, and which is acknowledged to be the only authority for the attempted assessment in this case, subjects to taxation only the foreign corporations’ credits “originating from the business done in this state.” Whether the state could, for allowing foreign corporations to do business here, subject to taxation the credits due to foreign corporations from business done in another state, is not1 the question.
The first section of the Act of 1917 declares that the property of nonresident persons, firms, corporations, partnerships, associations, or companies, is subject to assessment and taxation in the same manner as other property in Louisiana. And the second section of the act declares:
“That the notes, judgments, accounts and credits of such nonresident persons, firms, corporations, partnerships, associations, or companies doing business in the state of Louisiána, originating from the business done in this state, be and the same' is hereby declared to be property with its situs within this state, and subject to taxation at the business domicile in this state of the said nonresident person, firm, corporation, partnership, association, or company, or their business agent or representative, under the same rules and in the same manner that property of a like nature is assessed and taxed within the state of Louisiana.”
In the case of Krauss Bros. Lumber Co. v. Board of Assessors, 148 La. 1057, 88 South. 397, we had before us the converse of the proposition that is presented now. The Krauss Bros. Lumber Company, a Louisiana corporation, domiciled in New Orleans, contended that the restriction upon the authority to tax credits, to those arising from business done in the state, was applicable as well to the credits of a local corporation as to those of a foreign corporation. We held that the restriction was not applicable to the credits of local corporations. But the restriction upon the authority to tax the credits of foreign corporations doing business in the state, to the credits arising from business done in *1090 the state, was too plain to be overlooked. We said :
“It is plain, therefore, that the limitation upon the right to assess er'edits and bills receivable, to those arising from business done in the state, applies only to credits and bills receivable belonging to nonresidents. The statute plainly levies the tax upon all credits and bills receivable due to residents of the state or to corporations or associations domiciled in the state, whether such credits arise from business done within or outside_ of the state.”
Counsel for appellants say in their brief that the fact that some of the business from which plaintiff’s credits arose was done outside of this state should not exempt plaintiff’s credits pro tanto from taxation. That is true. But the fact- alone that the plaintiff is doing business in the state is not enough to stamp all of the plaintiff’s credits as credits arising from business done in the state. It is not disputed that the credits which arose from, the business done outside of the state were separable — and were in fact segregated —from the credits which arose from the business done in the state. Our ruling is confined to this, that the net credits that arose from the business done outside of the state by a foreign corporation are not subjected to taxation by the state.,
The judgment is affirmed.'